UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DONALD HENRY HERTZ,

                     Plaintiff,

                                              Case # 13-CV-6449-FPG

v.

                                              DECISION AND ORDER

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

## INTRODUCTION

Donald Henry Hertz ("Hertz") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security, ("the Commissioner") which denied his application for Supplemental Security Income ("SSI") benefits. ECF No. 1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g).

Currently before the Court are the parties' competing Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 16, 17. For the reasons set forth below, I find that the decision of the Commissioner is not in accordance with applicable legal standards, and accordingly, Hertz's Motion for Judgment on the Pleadings (ECF No. 16) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED, and this matter is remanded to the Commissioner for further administrative proceedings.

## BACKGROUND

Hertz applied for SSI on December 17, 2010, alleging that he had been disabled within the meaning of the Act since December 15, 2008. After his application was denied at the initial administrative level on February 17, 2011, a hearing was held before Administrative Law Judge

Yvette N. Diamond ("the ALJ") on April 4, 2012 where the ALJ presided by videoconference from Baltimore, Maryland. Hertz appeared in Rochester, New York by videoconference, and was represented by counsel. On May 7, 2012, the ALJ issued her decision, finding that Hertz was not disabled within the meaning of the Act. That decision became the final decision of the Commissioner when the Appeals Council denied Hertz's request for review on June 27, 2013. Hertz then timely commenced this action, seeking review of the Commissioner's final decision.

## DISCUSSION

This Court's review of the Commissioner's decision is not *de novo*, and I may only set aside the Commissioner's decision if it is not supported by "substantial evidence" or is the product of legal error. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Indeed, the Act holds that a decision by the Commissioner is "conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

In this case, I need not discuss all of the underlying medical claims made by Hertz, or the evidence adduced in the prior proceedings that could arguably provide substantial evidence to affirm the Commissioner's decision, as the Court is able to determine this matter based upon whether the ALJ properly applied the relevant legal standards in reaching her decision.

Hertz argues that the ALJ failed to properly evaluate his credibility, and that this error requires reversal of the Commissioner's decision. I agree.

In evaluating a claimant's credibility, the Social Security Regulations set forth a two-step process that ALJ's must follow to evaluate a claimant's testimony regarding his symptoms:

> First, the ALJ must consider whether the claimant has a medically determinable impairment which could reasonably be expected to produce the pain or symptoms alleged by the claimant. Second, if the ALJ determines that the claimant is impaired, he then must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms. If the claimant's statements about his symptoms are not substantiated by objective medical evidence, the ALJ must make a finding as to the claimant's credibility. Such an evaluation of a claimant's credibility is entitled to great deference if it is supported by substantial evidence.
>
> In assessing the claimant's credibility, the ALJ must consider all of the evidence in the record and give specific reasons for the weight accorded to the claimant's testimony. The regulations require the ALJ to consider not only the objective medical evidence, but also:
>
> 1.   The individual's daily activities;
> 2.   The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3.   Factors that precipitate and aggravate the symptoms;
> 4.   The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5.   Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6.   Any measures other than treatment the individual uses or has used to relieve pain or other symptoms ...; and,
> 7.   Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*Murphy v. Barnhart,* No. 00 Civ. 9621(JSR)(FM), 2003 WL 470572, at *10–11 (S.D.N.Y. Jan. 21, 2003) (citing 20 C.F.R. § 404.1529(c)).

There is no doubt that an ALJ is permitted to evaluate the credibility of Plaintiff's complaints, and can then render an independent judgment in light of the evidence in the record before her. *See, e.g., Mimms v. Heckler*, 750 F.2d 180, 186 (2d Cir. 1984). At the same time, when an ALJ finds that a claimant is not entirely credible, she must provide "specific reasons for

3

the finding on credibility, supported by the evidence in the case record." SSR 96–7p, 1996 WL

374186, at *4 (July 2, 1996).

> In this case, the ALJ's determination regarding Hertz's credibility was that:

> > After careful consideration of the evidence, I find that the
> > claimant's medically determinable impairments could reasonably
> > be expected to cause the alleged symptoms; however, the
> > claimant's statements concerning the intensity, persistence and
> > limiting effects of these symptoms are not credible to the extent
> > they are inconsistent with the above residual functional capacity
> > assessment.

In order for an ALJ to find a claimant is not credible, she must refer to facts in the record,

and must identify her specific reasons for rejecting the claimant's testimony. *See Williams v.*

*Bowen,* 859 F.2d 255, 260–61 (2d Cir. 1988) ("A finding that the witness is not credible must . .

.be set forth with sufficient specificity to permit intelligent plenary review of the record.");

*Kleiman v. Barnhart,* No. 03 Civ. 6035(GWG), 2005 WL 820261, at *12 (S.D.N.Y. Apr. 8,

2005) ("[W]here a claimant's subjective testimony is rejected, the ALJ must do so explicitly and

specifically."); *Escalante v. Astrue,* No. 11–cv–375, 2012 WL 13936, at *8 (S.D.N.Y. Jan.4,

2012) (citing Soc. Sec. Ruling 96–7p, (Jul. 2, 1996)) (The ALJ's reasons must "be sufficiently

specific to make clear to the individual and to any subsequent reviewers the weight the

adjudicator gave to the individual's statements and the reasons for that weight."). That did not

occur in this case.

Here, the ALJ only provided a boilerplate statement regarding her determination of

Hertz's credibility, despite the fact that the exact boilerplate language at issue here has been

frequently criticized. As one Court summarized:

> > Several courts in the Second Circuit have criticized the boilerplate
> > language used by [the ALJ] on the basis that it essentially reverses
> > the standard. *See, e.g., Cruz v. Colvin,* No. 12 Civ. 7346, 2013 WL
> > 3333040, at *16 (S.D.N.Y. July 2, 2013) (Peck, M.J.); *Kunkel v.*
> > *Comm'r of Soc. Sec.,* No. 12–CV–6478, 2013 WL 4495008, at *20

(W.D.N.Y. Aug.20, 2013) ("It is not sufficient for an ALJ to merely state that he finds the claimant incredible to the extent that her complaints are inconsistent with is RFC determination"). As one court has noted, "[N]either the Social Security regulations nor this Circuit's case law support the idea that an ALJ may discredit a claimant's subjective complaints on the basis of the ALJ's own finding of the claimant's RFC." *Cruz*, 2013 WL 3333040, at *16 (citations omitted).

The Seventh Circuit has consistently derided such language as "meaningless boilerplate." *Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014); *see also Lott v. Colvin*, 541 F. App'x 702, 706-07 (7th Cir. 2013) ("We have repeatedly criticized this exact boilerplate (because it asks ALJs to determine a claimant's symptoms before addressing credibility, instead of the other way around)."). "[T]his boilerplate statement 'gets things backwards' because 'the passage implies that ability to work is determined first and is then used to determine the claimant's credibility.'" *Torres v. Commissioner of Social Sec.*, No. 13–CV–330, 2014 WL 69869, at *14 (E.D.N.Y. Jan. 09, 2014) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012)). "The requirements of 20 C.F.R. § 404.1529(c)(4) provide that the ALJ must make a credibility assessment before making a residual functional capacity assessment, because the credibility assessment is used to determine Plaintiff's limitations and residual functional capacity." *Id.* (quoting *Faherty v. Astrue*, No. 11–CV–2476, 2013 WL 1290953, at *16 (E.D.N.Y. Mar. 28, 2013)). However, this erroneous boilerplate language does not merit remand "if the ALJ offers specific reasons to disbelieve the claimant's testimony." *Lott*, 2013 WL 5630633, at *4 (citations omitted); *see also Pierce*, 2014 WL 104158, at *3 ("In this case, though, the ALJ followed the boilerplate conclusion with a detailed explanation of the evidence and his reasoning about credibility, so the boilerplate phrases are not the problem."). Courts in the Second Circuit have adopted the Seventh Circuit's reasoning on this issue. *Garcia v. Colvin*, No. 12–CV–2140, 2014 WL 119433, at *10 (E.D.N.Y. Jan. 10, 2014) (collecting cases).

*Abdulsalam v. Comm'r of Soc. Sec.*, No. 5:12-CV-1631 MAD, 2014 WL 420465, at *7 (N.D.N.Y. Feb. 4, 2014).

While the ALJ's use of this boilerplate language does not automatically invalidate her credibility assessment, the ALJ's failure to make any reference to or explain her analysis of

particular evidence in the record, refer to the credibility analysis factors, or give clear and specific reasons for her credibility findings does necessitate further proceedings. Without a stated basis for her credibility assessment regarding Hertz's alleged symptoms, it is impossible for the Court to conduct a meaningful review of the ALJ's findings to determine whether they are supported by substantial evidence. Accordingly, this case must be remanded for the ALJ to reconsider her credibility determination, and to then provide detailed reasons for the credibility determination she ultimately makes. On remand, the ALJ shall assess Hertz's credibility in light of all evidence in the record and provide clear, specific reasons for the credibility assigned to Hertz's statements regarding the intensity, persistence, and limiting effects of his symptoms, specifically taking into consideration the factors set forth in 20 C.F.R. § 404.1529(c)(3).

Finally, I note that in her Motion for Judgment on the Pleadings, the Commissioner has attempted to demonstrate that evidence in the record exists that could support the ALJ's credibility determination, and the Commissioner has presented her view of possible justifications that the ALJ could have utilized. However, the justifications advanced now by the Commissioner are simply not present in the ALJ's decision, and the Commissioner may not substitute her own rationale when the ALJ has failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED, Hertz's Motion for Judgment on the Pleadings (ECF No. 16) requesting remand to the Commissioner is GRANTED, and this matter is REMANDED to the Commissioner of Social Security for further administrative proceedings consistent with this

opinion, pursuant to sentence four of 42 U.S.C. § 405(g).  *See Curry v. Apfel,* 209 F.3d 117, 124

(2d Cir. 2000).  The Clerk of the Court is directed to enter judgment, and to close this case.


IT IS SO ORDERED.

DATED:        September 30, 2015
              Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court